# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIERRA CLUB<br>2101 Webster St., Suite 1300<br>Oakland, CA 94612,<br><br>        Plaintiff,<br><br>        v.<br><br>RICK PERRY, Secretary, United States<br>Department of Energy, in his official capacity,<br>1000 Independence Ave. SW<br>Washington, DC 20585,<br><br>        Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR**<br>**DECLARATORY AND INJUNCTIVE**<br>**RELIEF** |

## INTRODUCTION

1. Plaintiff Sierra Club brings this action to compel Defendant Rick Perry, in his official capacity as Secretary of Energy (the "Secretary"), to fulfill his obligation under section 413(a)(1) of the Energy Independence and Security Act of 2007 ("EISA") to "establish standards for energy efficiency in manufactured housing." 42 U.S.C. § 17071(a)(1).  EISA set a deadline of December 19, 2011, for the Secretary to complete this rulemaking, but nearly six years after that date the Secretary still has not published a final rule prescribing such standards.  The Secretary's failure to meet the deadline prescribed by Congress violates EISA and constitutes agency action unlawfully withheld under the Administrative Procedure Act, 5 U.S.C. § 706(1).

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. §§ 1331 and 1361.  The relief requested herein by Plaintiff is authorized under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201, 2202, and 1361.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(e) because Defendant Secretary of Energy Rick Perry has his principal office here and a substantial part of the events or omissions giving rise to the claims occurred here.

## PARTIES

4.      Plaintiff Sierra Club is a national, nonprofit environmental organization with hundreds of thousands of members nationwide.  Sierra Club's purposes include enhancing public health and the environment and practicing and promoting the responsible use of the Earth's ecosystems and resources.  Energy efficiency is crucial to achieving Sierra Club's mission, and Sierra Club has a variety of initiatives designed to encourage businesses, individuals, and utilities to undertake energy-conservation measures to reduce greenhouse gas pollution, lower consumer energy bills, and minimize the adverse environmental impacts of electricity generation and natural gas production.

5.      Defendant Rick Perry, Secretary of Energy, is responsible for ensuring compliance with section 413 of EISA.  42 U.S.C. § 17071(a)(1).  Secretary Perry is sued in his official capacity.

## FACTUAL BACKGROUND

6.      Manufactured homes are dwellings built on a permanent chassis in a production facility; they are then transported to a site and connected to utilities for habitation.  *See* 81 Fed. Reg. 39,756, 39,799 (June 17, 2016) (proposed definition of "Manufactured home").

7. Approximately 6% of homes in the United States are manufactured homes. *Id.* at 39,762. In 2016, more than 81,000 new manufactured homes were sold in the United States.

8. Manufactured housing is a popular choice for many low and moderate income families because it often costs less to purchase than traditional site-built housing. *Id.* Indeed, in 2015, the median household income of manufactured home owners was $32,000, less than half the median household income for all homeowners—$65,500.

9. Despite their initial lower cost, manufactured homes often use more energy per square foot than site-built housing, meaning that utility bills for a manufactured home are often higher than for a comparable site-built unit. *Id.* These energy bills impose significant burdens on families in manufactured housing, who spend about 30 percent more of their income on energy than the average U.S. household and roughly 66 percent more than families in site-built homes.

10. Many of the measures available to improve the energy efficiency of new site-built housing can also be used to reduce energy costs in new manufactured homes. For example, increasing insulation and reducing air leakage around doors and windows can reduce the demand for space heating and cooling in both manufactured and site-built homes.

11. State and local jurisdictions typically require such energy saving measures as part of compliance with building codes for new site-built homes, often adopting the International Energy Conservation Code, a model code for the energy efficiency of buildings. But state and local jurisdictions are legally barred from applying such state and local construction standards to new manufactured homes. 42 U.S.C. § 5403(d).

## STATUTORY AND REGULATORY BACKGROUND

12. Section 413(a)(1) of EISA requires that "Not later than 4 years after December 19, 2007, the Secretary shall by regulation establish standards for energy efficiency in manufactured housing." 42 U.S.C. § 17071(a)(1).

13. EISA requires that in establishing these standards, the Secretary must provide "notice and an opportunity for comment by manufacturers of manufactured housing and other interested parties" and must consult with the Secretary of Housing and Urban Development. *Id.* § 17071(a)(2).

14. EISA further requires that the standards "shall be based on the most recent version of the International Energy Conservation Code (including supplements), except in cases in which the Secretary finds that the code is not cost-effective, or a more stringent standard would be more cost-effective." *Id.* § 17071(b)(1).

15. The Secretary began the process of developing the required standards in 2010, when the United States Department of Energy ("DOE") issued an advance notice of proposed rulemaking identifying several issues on which DOE sought further information. *See* 75 Fed. Reg. 7556 (Feb. 22, 2010).

16. More than three years later, DOE issued a request for information identifying additional issues on which it sought comments and data. *See* 78 Fed. Reg. 37,995 (June 25, 2013).

17. After another eleven months, DOE announced its intention to establish a negotiated rulemaking working group under the Appliance Standards and Rulemaking Federal Advisory Committee, in accordance with the Federal Advisory Committee Act, 5 U.S.C. app.2 §§ 1-16, and the Negotiated Rulemaking Act, 5 U.S.C. §§ 561-570a, to negotiate proposed energy efficiency standards for manufactured housing. *See* 79 Fed. Reg. 33,873 (June 13, 2014).

18. On October 31, 2014, the manufactured housing working group, a body composed of representatives from manufactured housing manufacturers, the electric utility industry, state governmental agencies, manufactured home owners, and environmental and energy efficiency advocates, reached consensus on a set of energy efficiency standards for manufactured housing based on the International Energy Conservation Code. *See* 81 Fed. Reg. at 39,765. The working group assembled its recommendations into a term sheet, which was approved by the Appliance Standards and Rulemaking Federal Advisory Committee on December 1, 2014. *Id.*

19. More than a year later, DOE issued for public comment a notice of proposed rulemaking to establish energy efficiency standards for manufactured housing based on the negotiated consensus recommendations of the manufactured housing working group. 81 Fed. Reg. 39,756 (June 17, 2016) (the "Proposed Rule").

20. In developing the Proposed Rule, DOE consulted with the Department of Housing and Urban Development ("HUD") on multiple occasions, including after the manufactured housing working group submitted the term sheet that formed the basis of the proposed standards. 81 Fed. Reg. at 39,762-63, 39,765.

21. After receiving comments on the Proposed Rule, DOE sent a draft final rule to the White House Office of Information and Regulatory Affairs ("OIRA") for final review. The draft final rule was received by OIRA on November 1, 2016, but was withdrawn from review on January 31, 2017, and has not been issued by DOE.

## SPECIFIC ALLEGATIONS

22. Section 413 of EISA requires that "Not later than 4 years after December 19, 2007, the Secretary shall by regulation establish standards for energy efficiency in manufactured housing." 42 U.S.C. § 17071(a)(1).

23. The Secretary has not issued a final rule establishing the standards required under section 413 of EISA.

24. The Secretary has an ongoing, unmet duty to issue a final rule establishing the standards required under section 413 of EISA.

25. Each day the Secretary fails to take that legally required action, he commits new, additional, and ongoing violations of his duty under section 413 of EISA.

26. Therefore, the Secretary is unlawfully withholding the actions required under section 413(a)(1) of EISA, 42 U.S.C. § 17071(a)(1).  5 U.S.C. § 706(1).

## PLAINTIFF'S INJURIES

27. The Secretary's ongoing failure to complete energy efficiency standards for manufactured housing has resulted, is resulting, and will continue to result in harms to Plaintiff and its members that would be reduced if the Secretary were to complete the required action.

28. Plaintiff and its members have strong consumer, environmental, and health interests in the prompt publication of energy efficiency standards for manufactured housing.

29. Plaintiff is a non-profit organization whose purposes include promoting energy efficiency and its concomitant benefits and protecting public health and the environment from air pollution, including the adverse impacts of emissions from electricity generation and home heating fuel production and use.[1]  It pursues these goals through public education, advocacy, and litigation to enforce and strengthen environmental laws and to prevent, reduce, and mitigate air pollution and its adverse effects.  Thus, eliminating wasteful uses of energy is a critical component of Plaintiff's strategy to increase energy efficiency and to reduce harmful emissions.

---

[1] As used herein, "home heating fuel" includes fuels used for both space heating and water heating.  Fuels used for these purposes in manufactured housing include natural gas, propane, and fuel oil.

30. Plaintiff's members include people who reside in older manufactured homes needing replacement and those who regularly purchase manufactured homes as part of their business or who plan to purchase a manufactured home for their own use, the use of a family member, or as an investment property. The energy efficiency standards the Secretary must establish for manufactured housing will help Plaintiff's members save energy and lower their energy bills, furthering their environmental values while also benefitting their pocketbooks.

31. Energy efficiency standards for manufactured housing will also help to address the "split incentive" problem often experienced by Plaintiff's members and others who rent manufactured homes: landlords have an economic incentive to buy the cheapest manufactured homes without regard to energy efficiency, but the tenants pay the energy bills. As a result, in the absence of strong energy efficiency standards, tenants end up with unnecessarily high bills. This is a particularly acute problem for Plaintiff's members who are moderate or low-income residents of manufactured homes because these tenants spend more on energy as a percentage of income than other income groups, and therefore will benefit more from lower energy bills due to more energy-efficient manufactured homes.

32. Energy efficiency standards will also benefit Plaintiff's members by making energy-efficient manufactured homes the norm, rather than the exception. Such standards ensure that Plaintiff's members will find efficient homes readily available and will not have to pay a premium for them. Plaintiff's members can be assured any manufactured home they buy will meet modern minimum efficiency standards.

33. Electricity generation and home heating fuel use in the United States cause a wide range of adverse environmental impacts to which Plaintiff's members are exposed, including air pollution emissions that threaten their health. The extraction, production and transport of natural

gas and other fuels used for electricity generation and home heating also have major adverse environmental effects that threaten the health and welfare of Plaintiff's members. Wasting electricity and home heating fuel through inefficient usage causes unnecessary electricity generation and home heating fuel use and the pollution that results from that generation and use.

34. The Secretary's unlawful failure to take the action required by section 413(a)(1) of EISA to establish standards for energy efficiency in manufactured housing harms the consumer, environmental, and health interests of Plaintiff and its members because it denies them the benefits of the energy efficiency standards. In the absence of a declaratory judgment and permanent injunction requiring the Secretary to come into compliance with his statutory obligations according to a specified and court-enforced schedule, the Secretary's delays are likely to continue harming the consumer, environmental, and health interests of Plaintiff and its members.

35. Plaintiff's injuries will be redressed by the requested relief. Energy efficiency standards that must be met by new manufactured homes will benefit Plaintiff's members. The standards will reduce electricity and home heating fuel waste and demand and thus reduce air pollution and other environmental and human health harms associated with electricity generation and heating fuel consumption in manufactured homes. Further, energy efficiency standards will provide residents and home owners with superior choice, comfort, and affordability.

## CLAIMS FOR RELIEF

<u>Violation of Section 413(a)(1) of the Energy Independence and Security Act of 2007:
Unlawfully Withheld Agency Action</u>

36. The allegations of all foregoing paragraphs are hereby incorporated as if set forth fully herein.

37. The Secretary's failure to complete a final rule "establish[ing] standards for energy efficiency in manufactured housing" in accordance with section 413(a)(1) of EISA, 42 U.S.C. § 17071(a)(1), constitutes an agency action unlawfully withheld under the Administrative Procedure Act, 5 U.S.C. § 706(1).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Declare that the Secretary's failure to complete a final rule establishing standards for energy efficiency in manufactured housing as required by section 413(a)(1) of EISA, 42 U.S.C. § 17071(a)(1), constitutes an agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1);

(2) Order the Secretary to complete a final rule establishing standards for energy efficiency in manufactured housing in accordance with section 413 of EISA, 42 U.S.C. § 17071, pursuant to an expeditious deadline established by this Court;

(3) Retain jurisdiction to ensure compliance with the Court's decree;

(4) Award Plaintiff the costs of this action, including attorneys' fees; and,

(5) Grant such other relief as the Court deems just and proper.

DATED:   December 18, 2017

Respectfully Submitted,

/s/ Timothy D. Ballo_____
Timothy D. Ballo (DC Bar No. 977077)
Seth Johnson (DC Bar No. 1001654)
Earthjustice
1625 Massachusetts Ave., NW
Suite 702
Washington, DC 20036
(202) 667-4500
tballo@earthjustice.org

sjohnson@earthjustice.org

Counsel for Sierra Club