UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB,<br>*Plaintiff*,<br>v.<br>RICK PERRY, Secretary,<br>United States Department of Energy,<br>*Defendant*. | Civil Action No. 17-2700-EGS |

**DEFENDANT'S MOTION**
**TO HOLD SUMMARY JUDGMENT PROCEEDINGS IN ABEYANCE**

As shown in Defendant's motion to dismiss, Sierra Club lacks standing to sue about the Department of Energy's alleged delay in promulgating energy-efficiency standards for manufactured homes because neither Sierra Club nor any of it members can show a cognizable Article III injury. Seeking to leapfrog this constitutional requirement, Sierra Club has filed a motion for summary judgment and insisted that the merits of this case be briefed before Defendant's challenge to Sierra Club's standing is resolved. Standing, however, is a threshold inquiry that goes both to Sierra Club's ability litigate the merits of this case and the Court's jurisdiction to decide it. Sierra Club's standing should therefore be determined before proceedings on the merits commence. Further, this traditional approach to civil litigation is the most efficient one for the parties and the Court because briefing the merits will be unnecessary if the Court grants Defendant's motion to dismiss. Accordingly, Defendant requests that the Court hold Sierra Club's motion for summary judgment in abeyance until Defendant's motion to dismiss has been decided.

**BACKGROUND**

Sierra Club brought this action on December 18, 2017, alleging that the Department of Energy had missed a statutory deadline for promulgating energy-efficiency regulations for manufactured homes. ECF No. 1. (Defendant's motion to dismiss explains the agency's continuous

and ongoing efforts to promulgate such regulations.) Defendant moved to dismiss because Sierra Club's complaint failed to allege facts showing that it had standing. ECF No. 12. In response, Sierra Club amended its complaint to mention some members that it alleged had been injured by the absence of efficiency regulations for manufactured homes. ECF No. 14. Because these allegations were still lacking, Defendant filed another motion to dismiss. ECF No. 18. In response to that motion, Sierra Club tried again to establish standing by submitting declarations from some of its members claiming economic, health, and procedural injuries from the absence of regulations. ECF No. 22. In addition, Sierra Club filed a motion for summary judgment, supported by only a single page of conclusory argument. ECF No. 23 at pp. 21–22. Defendant requested additional time to file a reply in support of its motion to dismiss and a motion to hold summary judgment proceedings in abeyance. ECF No. 24. Defendant also requested that the Court stay briefing on Sierra Club's motion for summary judgment until the abeyance motion was decided, which Sierra Club opposed. ECF No. 25. By minute order dated July 5, 2018, the Court granted Defendant's request to stay summary judgment briefing pending Defendant's motion to hold that briefing in abeyance and directed Defendant to file its motion by July 20, 2018, not to exceed seven pages.

## ARGUMENT

**The Court Should Hold Sierra Club's Motion for Summary Judgment in Abeyance until It Determines Whether Sierra Club Has Standing to Pursue This Case.**

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In particular, when two parties present separate motions, the Court may first consider a motion that "addresses a specific and narrow issue" rather than a motion that

"encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), aff'd, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion.").

In this case, the existence of serious jurisdictional questions and the interests of efficiency and judicial economy make it appropriate for the Court to resolve Defendant's motion to dismiss before the litigation proceeds to summary judgment. The "first and fundamental" question for any court is that of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The D.C. Circuit has reaffirmed that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction." *In re Papandreou*, 139 F.3d 247, 254-55 (D.C. Cir. 1998) (internal citations omitted). For these reasons, district courts routinely defer consideration of motions for summary judgment in order to first decide dispositive motions, particularly those raising such jurisdictional issues. *See, e.g.*, *Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[St]aying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747,

749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

Holding the summary judgment proceedings in abeyance will cause no prejudice to Sierra Club. Indeed, Sierra Club claimed no such prejudice in opposing Defendant's motion to stay summary judgment proceedings pending the outcome of this motion to hold those proceedings in abeyance. And any attempt by Plaintiff to assert prejudice from the relief requested in this motion would be highly questionable. As explained in Defendant's motion to dismiss, the Department of Energy's rulemaking efforts to adopt energy-efficiency standards for manufactured homes, which Sierra Club claims to be unlawfully withheld, are ongoing. Therefore, it is possible that DOE will finalize energy-efficiency standards while this case is still pending, thus rendering Sierra Club's claims moot.

Dated: July 20, 2018

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*