**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br><br>RICK PERRY, Secretary, United States Department of Energy,<br><br>Defendant. | Civil Action No. 17-2700-EGS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO HOLD SUMMARY JUDGMENT PROCEEDINGS IN ABEYANCE**

Defendant Secretary of Energy Rick Perry ("DOE") asks this Court to stall briefing on Plaintiff Sierra Club's pending Motion for Partial Summary Judgment while the Court considers DOE's Motion to Dismiss. Sierra Club's Motion for Partial Summary Judgment addresses only two issues: (1) standing, which is also the sole issue raised in Defendant's Motion to Dismiss, and (2) liability, which Defendant's Motion to Dismiss concedes. Pl.'s S.J. Mot. at 1 (Dkt. 23). Because of the need for timely review of these issues and the absence of any valid grounds for piecemeal review, DOE's Motion to Hold Summary Judgment Proceedings in Abeyance should be denied.

As to Sierra Club's standing, bifurcating the Court's review of that issue would unnecessarily delay this case and inefficiently require the Court to review the same legal arguments and supporting materials again at a later date. DOE supports its contrary assertion—that abeyance would maximize efficiency—by simply ignoring that Sierra Club has moved for

summary judgment on standing based on the same factual materials as are at issue in DOE's Motion to Dismiss. *See* DOE Mot. at 2 (Dkt. 27) (claiming, wrongly, Sierra Club's motion is "supported by only a single page of conclusory argument").

As to DOE's liability, although the Court must be satisfied that Sierra Club has standing before *ruling* on the merits, *see* DOE Mot. at 3 (quoting cases), that is no reason to delay *briefing* a merits issue, particularly one that Defendant has already conceded, *e.g.*, Pl.'s S.J. Mem. at 22 (citing DOE Mot. to Dismiss at 1, 6). There is no efficiency to be gained in delaying DOE's obligation to respond on the issue of liability, as DOE has no argument to make on this point.

Nor can DOE credibly claim that proceeding with summary judgment briefing would result in prejudice or duplication of effort, even setting aside how splitting up the briefing as DOE requests would likely result in significant duplication of effort on standing. *Compare* DOE Mot. at 1 (contending delay would be "most efficient" for DOE because "briefing the merits will be unnecessary if the Court grants Defendant's motion to dismiss"), *with id.* at 2 (characterizing Sierra Club's merits argument as short and "conclusory"). Notwithstanding DOE's asides (*id.* at 1-2, 4) trying to disclaim its concession of the merits, the merits of the case are simple. *See id.* at 4 (conceding that DOE's "rulemaking efforts to adopt energy-efficiency standards for manufactured homes…are ongoing" and contending that if DOE ever finishes its work, Sierra Club's claims would then be moot).

In contrast, DOE wrongly asserts that Sierra Club would not be prejudiced by staying summary judgment proceedings. DOE Mot. at 4. DOE's obligation is to "establish standards for energy efficiency in manufactured housing" that are "based on the most recent version of the International Energy Conservation Code." 42 U.S.C. § 17071(a)(1), (b)(1). Accordingly, DOE now has a narrow window in which to act. The current, 2018 version of the International Energy

Conservation Code is due to be updated for 2021. *See* International Code Council, Overview of the International Energy Conservation Code, https://www.iccsafe.org/codes-tech-support/codes/2018-i-codes/iecc/ (information on code development schedule for the 2021 version of the code). Delaying by months the resolution of Sierra Club's Motion for Partial Summary Judgment significantly increases the odds that DOE will miss its window for action on the current version of the code, given DOE's record of extensive delay on the standards at issue here. Indeed, DOE's indifference to the completion of the standards at issue has already squandered a consensus proposal developed through a negotiated rulemaking proceeding that should have resulted in the adoption of standards based on the 2015 version of the International Energy Conservation Code. *See* Pl.'s S.J. Mem. at 5.

Moreover, DOE erroneously relies on the notion that "the Court may first consider a motion that 'addresses a specific and narrow issue' rather than a motion that 'encompass[es] issues far broader.'" DOE Mot. at 2-3 (quoting *U.S. v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994)) (alteration in DOE motion). The issues on which Sierra Club seeks summary judgment are not "far broader" than the issues on which DOE seeks dismissal. Standing is the main issue in both filings, and the exact same evidence is at issue in both. Thus, far from supporting DOE's position, the Court's "inherent authority to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,'" *id.* at 2 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)), strongly cuts in favor of simultaneously resolving the Motions to Dismiss and for Partial Summary Judgment, rather than delaying the proceedings and duplicating filings.

Indeed, the approach DOE requests is inconsistent with the conventional method of adjudicating cases seeking to compel administrative agency action, in which federal courts

routinely decide multiple dispositive motions at once. *See, e.g.*, *The Wilderness Soc'y v. U.S. Dep't of Interior*, No. CIV.A. 04-0650 (CKK), 2005 WL 3276256, at *1 (D.D.C. Sept. 12, 2005) (denying defendants' motion to dismiss and plaintiffs' motion for summary judgment); *Sierra Club v. Browner*, 130 F. Supp. 2d 78, 80-81 (D.D.C. 2001) (ruling on motion to dismiss and cross-motions for summary judgment); *Passarell v. Glickman*, No. CIV. A. 95-2122 (HHG), 1997 WL 118407, at *1 (D.D.C. Mar. 6, 1997) (ruling on defendant's motion to dismiss and plaintiffs' motion for summary judgment); *Rochester Pure Waters Dist. v. EPA*, No. CIV. A. 91-1540-LFO, 1994 WL 114679, at *1 (D.D.C. Mar. 22, 1994) (ruling on defendant's motion to dismiss or for summary judgment and plaintiff's motion for partial summary judgment); *Nat. Res. Def. Council, Inc. v. EPA*, 707 F. Supp. 3, 3–4 (D.D.C. 1989) (granting in part plaintiffs' motion for partial summary judgment and granting defendants' motion to dismiss); *see also Sec. Indus. & Fin. Markets Ass'n v. United States Commodity Futures Trading Comm'n*, 67 F. Supp. 3d 373, 398 (D.D.C. 2014) (motion to hold plaintiffs' summary judgment motion in abeyance pending the filing of a planned motion to dismiss was denied).

In contrast, the cases DOE cites, in which the district court stayed briefing on a motion for summary judgment, each involved circumstances different from those found here, where standing is at issue in both motions, the merits issue is very simple, and delay would threaten the remedy Sierra Club seeks. In two of the cases DOE cites, the court resorted to a stay to protect its docket against a plaintiff's filing practices that interfered with the orderly proceeding of litigation by unreasonably multiplying the issues at hand and/or refusing to engage with defendants' arguments, neither of which is the case here. *See Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (staying summary judgment proceedings initiated as to one of several federal agency defendants after briefing had completed on the defendants'

motion to dismiss, in order to ward off additional filings from a plaintiff intent on "complicating the docket"); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (staying a motion for summary judgment filed by a *pro se* plaintiff who had failed to respond to the arguments in a motion to dismiss for lack of subject matter jurisdiction). In two of the other cases, the plaintiffs sought primarily or exclusively the recovery of funds; delay would therefore not restrict the availability of relief as it would here. *See Furniture Brands International v. U.S. International Trade Commission*, 804 F.Supp.2d 1, 1-2 (D.D.C. 2011); *Angulo v. Gray*, 907 F. Supp. 2d 107, 108 (D.D.C. 2012) (plaintiffs seek to compel defendants to comply with a Department of Labor decision awarding wage and other employment benefits). In another case, the plaintiff had not yet even moved for summary judgment when the court stayed briefing and consideration of summary judgment pending its ruling on the defendant's motion to dismiss, and the defendant's combined motion to dismiss and alternative motion for summary judgment had been mooted in part by the filing of an amended complaint. *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013). And in the remaining case, the plaintiff asserted far-reaching constitutional claims attacking an independent federal agency's enforcement authority, unlike here, where the merits question is very simple. *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 748 (D.D.C. 1986). None of these cases is analogous to the case at bar.

Accordingly, Sierra Club respectfully asks this Court to deny Defendant's Motion to Hold Summary Judgment Proceedings in Abeyance.

DATED: July 27, 2018

Respectfully Submitted,

*/s/ Timothy D. Ballo*
TIMOTHY D. BALLO (DC Bar No. 977077)
SETH L. JOHNSON (DC Bar No. 1001654)
EARTHJUSTICE

1625 Massachusetts Ave., NW, Suite 702
Washington, DC 20036
Tel: (202) 667-4500
Fax: (202) 667-2356
tballo@earthjustice.org
sjohnson@earthjustice.org

*Counsel for Plaintiff Sierra Club*